STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Guité Act 250 Jurisdictional Opinion   }   Docket No. 265-11-08 Vtec
}

Decision and Order on Motion to Reopen and for Clarification of Scope of Remand

Attorney Christopher D. Roy represents Appellant Michael Guité, the landowner whose property was the subject of the Jurisdictional Opinion at issue in this appeal. The Natural Resources Board had not previously[1] entered an appearance in this matter, although Attorney John H. Hasen, counsel to the Natural Resources Board, participated in the January 12, 2009 telephone conference at which the parties agreed that a remand would be an efficient procedure. Three unrepresented parties: Carol Mowry, Elaine Brousseau, and Arthur S. Peale, also entered their appearance.

This appeal was concluded by this Court's January 12, 2009 order remanding the matter on the basis that Appellant intended to file a petition with the District Commission to recognize that he had abandoned the retreat center project contemplated by the former owner, the Unified Buddhist Church. Attorney Roy requested remand of the above-captioned appeal to the District 3 District Coordinator so that that the District Coordinator may consider in the first instance any changes to the Jurisdictional Opinion that might be necessary as a result of the ruling on the abandonment petition.

The January 12, 2009 Remand Order reiterated that any party wishing to be heard by the District Coordinator or District Commission on either the Jurisdictional Opinion or the abandonment petition should be in touch with the District Coordinator,

---

[1]  On March 25, 2009, the Natural Resources Board entered a limited appearance as amicus curiae to respond to procedural issues raised by the present motion.

1

and that any new appeal to this Court from any subsequent decision in either proceeding would require a new timely notice of appeal and would receive a new docket number. The Order noted that the Court would also consider any requests for waiver of any filing fees at such time as any new appeal might be filed.

On March 6, 2009, Appellant moved to "reopen this docket and promptly issue an order clarifying the proper scope of this matter on remand." The Court held a telephone conference on March 16, 2009, at which Attorneys Roy and Hasen, as well as Carol Mowry, Elaine Brousseau, and Arthur S. Peale, participated. The parties agreed that the time for responding to the motion would expire under the rules on March 24, 2009; however, Attorney Hasen advised that he was not now authorized to enter an appearance on behalf of the Land Use Panel of the Natural Resources Board, nor to file a response to the motion, and that he would not know if the Panel would be authorizing that participation until its next meeting on March 23, 2009. Accordingly, the Court issued a one-day extension of the motion response deadline, to March 25, 2009, and scheduled a follow-up telephone conference for that date in case any additional motions or requests would need to be dealt with promptly at that time. Although at the conference Attorney Roy informed the Court that Attorney Hasen was expecting to participate on the solely procedural issues raised by this motion, Attorney Hasen did not call in to the March 25, 2009 conference while it was in session, and did not then respond to a message left on his voice mail, but did call later, and did file a responsive memorandum on the pending motions later in the day on March 25, 2009.

It is necessary to distinguish between the two types of requests or proceedings now pending before the District Commission or District Coordinator.[2] One is the

---

[2] It is also important to note that the Town of Hartland has not adopted a zoning ordinance. Although therefore Act 250 applies to smaller scale projects than it would if the Town did have zoning and subdivision regulations, see 10 V.S.A. § 6001(3)(A)(ii),

District Coordinator's Jurisdictional Opinion, which was the subject of Docket No. 265-11-08 Vtec, and was remanded to the District Coordinator pursuant to V.R.E.C.P. 5(i). The other is Appellant's February 17, 2009, application to the District Commission under Act 250 Rule 38(A), requesting that the Commission deem the Unified Buddhist Church Act 250 permit to be abandoned due to non-use of the permit for the three years following its date of issuance on August 17, 2005 (the Abandonment Petition[3]). Although Appellant's intended filing of the Abandonment Petition was the reason for the remand of the Jurisdictional Opinion, the Abandonment Petition was not and is not part of the appeal before the Court in Docket No. 265-11-08 Vtec.

In the context of its appellate jurisdiction, this Court has no general supervisory role to play with respect to the municipalities, the Vermont Agency of Natural Resources, the District Commissions, or the District Coordinators, all of which generate the types of decisions that are appealable to this Court. See In re Entergy Nuclear/Vermont Yankee Thermal Discharge Permit Amendment, No. 89-4-06 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 24, 2008) (Wright, J.), and cases cited therein. Rather, it is the Natural Resources Board that is authorized to adopt rules of procedure for the District Commissions, 10 V.S.A. § 6025(a), and it is the Land Use Panel that is authorized to adopt substantive rules in relation to Act 250. 10 V.S.A. § 6025(b).

In relation to decisions of the District Coordinators and District Commissions, this Court's jurisdiction is of properly-filed appeals from such decisions. The District Commission has not yet ruled on the Abandonment Petition, and therefore no appeal

---

Act 250 does not necessarily cover all the topics of regulation that are characteristic of zoning and subdivision regulations.

[3] Attorney Roy informed the Court at the March 25, 2009 conference that he and Attorney Hasen had been discussing the bifurcation of the Abandonment Petition into two petitions, so that the District Commission would be able to rule separately on the abandonment of the portions of the retreat center project that had not been constructed, and to determine whether or how other constructed items are related to the retreat center project.

has been filed regarding the Abandonment Petition. This Court has no jurisdiction regarding the way in which the District Commission investigates or proceeds on the Abandonment Petition, until and unless an appeal is filed pursuant to 10 V.S.A. Chapter 220 regarding a decision of the District Commission on the Abandonment Petition.

The Jurisdictional Opinion was remanded to the District Coordinator so that she could revise it, if necessary, in light of the outcome of the Abandonment Petition. The remand order was quite clear that any new appeal of a reissued or revised Jurisdictional Opinion would require a new notice of appeal and would be given a new docket number. Of course, if the Abandonment Petition decision or decisions were also appealed, the two or three appeals would be coordinated or consolidated, as appropriate, by this Court under V.R.E.C.P. 2(b).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Expedited Request to Reopen Docket and for Clarification of Scope of Remand is DENIED. The Court declines to reopen this appeal or further to clarify the January 12, 2009 remand order. That order concluded Docket No. 265-11-08 Vtec, which remains concluded.

Done at Berlin, Vermont, this 25th day of March, 2009.

_____
      Merideth Wright
      Environmental Judge

4